# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USMAN SALL, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1181 |
| WARDEN CRAIG LOWE, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### OCTOBER 23, 2017

**I.  BACKGROUND**

Usman Sall, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ('ICE") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Pike County Prison, Lords Valley, Pennsylvania.  Named as Respondent is Warden Craig Lowe of the Pike County Prison.  Service of the petition was previously ordered.

Sall states that he is a native and citizen of Guinea who entered the United States on December 24, 2016 as an immigrant without a valid entry document.  He requested asylum at the border.   An immigration judge denied Petitioner's request for asylum and withholding of removal and also ordered his removal from the United States on May 15, 2017.  Sall indicates that he did not  appeal the decision.

-1-

According to the Petitioner, he had been detained by ICE for over seven (7) months as of the time this matter was filed. Sall alleges that ICE has been unable to timely deport him to Guinea because it has been unable to obtain appropriate travel documents. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. DISCUSSION

On June 6, 2017, Respondent filed a "Notice to Court of issuance of Travel document." Doc. 9, p. 1. The notice states that the government of Guinea issued a travel document for Sall's repatriation on July 19, 2017. A copy of the travel document which accompanies the notice provides that it has an expiration date of October 19, 2017. *See* Doc. 9-1. Accordingly, Respondent contends that since there is a significant likelihood of Petitioner's removal in the reasonably forseeable future, dismissal of Sall's pending action is appropriate.

Following receipt of the Respondent's notice, the Clerk of Court's Office contacted ICE and officials at the Pike County Prison and was informed that Sall was removed from the United States on October 11, 2017.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v.*

*Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Sall sought his immediate release from ICE detention. *See* Doc. 1, p. 10. Based upon the issuance of a travel document and the subsequent representations by ICE and prison officials, Sall was removed from the United Sates on October 11, 2017. *See* Doc. 9-1. Since Petitioner has been removed from the United States, under the principles set forth in *Steffel*, his instant petition is subject to dismissal as moot since it no longer presents an existing case or

controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge